JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*
*MBurnette@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Janae King*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANAE KING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAKE MEAD HOLDINGS LLC, a Nevada limited liability company; 7-ELEVEN, INC, a Texas Corporation,<br><br>Defendant. | Case No.: 2:26-cv-00687-JCM-EJY<br><br>**FIRST AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Janae King ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, Defendant Lake Mead Holdings LLC ("Defendant"), by and through its counsel of record, Rasmussen Law P.C., and Defendant 7-Eleven, Inc., by and through its counsel of record King Scow Koch Durham LLC, hereby stipulate to the following Discovery Plan and Scheduling Order.

**1.** **Reason for Requesting Special Scheduling Review:** The Parties request a special scheduling review and amendment of the scheduling order entered by the Court on April 24, 2026 [ECF No. 12]. Special scheduling is warranted because a new party, Defendant 7-Eleven Inc., appeared in this matter on June 8, 2026 [ECF No. 19]. Given the addition of a new party, the Parties submit that calculating the discovery deadlines from the date of 7-Eleven Inc.'s appearance will afford the Parties adequate time to conduct discovery on each parties' respective claims and defenses in this matter.

2. **Initial Disclosures:** The parties participated in a supplemental scheduling conference pursuant to Fed. R. Civ. P. 26(f) on **June 26, 2026**. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than fourteen (14) days after the Rule 26(f) conference, which will be **July 15, 2026**. Aside from timing, the parties do not believe that any changes are necessary as to the form or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

3. **Discovery Cut-Off Date(s):** The last day of discovery shall be **December 7, 2026**, which is 182 days (as the 180th day lands on a non-judicial day Saturday December 5, 2026) from the date Defendant 7-Eleven, Inc. filed its Motion to Dismiss to Plaintiff's First Amended Complaint, of **June 8, 2026**.

3. **Amending the Pleadings and Adding Parties:** The parties shall have until **September 8, 2026**, which is ninety (90) days before the discovery cut-off date, to file any motions to amend the pleadings or to add parties.

4. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of any initial expert witnesses shall be made by **October 8, 2026**, which is sixty (60) days before the discovery deadline. The disclosures of any rebuttal experts shall be made by **November 9, 2026**, which is thirty-two (32) days (as the 30th day falls on Saturday, November 7, 2026, a non-judicial day) before the discovery deadline.

5. **Dispositive Motions:** Dispositive motions may be filed no later than **January 6, 2027**, which is thirty (30) days after the discovery deadline. In the event that the discovery period

is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the extended discovery deadline.

6. **Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial Order shall be filed by **February 5, 2027**, which is thirty (30) days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court.

7. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order. Extensions or Modifications of the Discovery Plan and Scheduling Order: In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein must be made not later than twenty-one (21) days before the subject deadline.

8. **Electronic Filing and Service:** The Parties attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to MBurnette@GGTrialLaw.com, Mmejia@GGTrialLaw.com, aerazo@GGTrialLaw.com, and JDunn@GGTrialLaw.com; for Defendant Lake Mead Holdings LLC, service shall be made by email to ctr@rasmussenlaw.com; for Defendant 7-Eleven Inc. service shall be made by email to mdurham@kskdlaw.com, aallen@kskdlaw.com, and eaw@welterlaw.com, bwg@welterlaw.com, and aem@welterlaw.com.

9. **Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery or preservation of electronically stored information

("ESI"), if any, including the form or forms in which it should be produced. The parties anticipate that evidence will be presented to jurors at trial in electronic format. As such, the parties will endeavor to produce all documents in a format compatible with the Court's electronic jury evidence display system. The parties agree that ESI can be produced or presented at trial in a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production and presentation of ESI at trial.

10. **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege.

11. **Alternative Dispute Resolution:** Pursuant to Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation. The parties have not agreed to a form of alternative dispute resolution at this time other than participating in the Early

Neutral Evaluation. The parties will continue to evaluate opportunities for alternative dispute resolution.

12. **Alternative Forms of Case Disposition:** Pursuant to Local Rule 26-1(b)(8), the parties certify that they considered consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Court's Short Trial Program. At this time, the parties do not consent to trial by the magistrate judge or to use the Court's Short Trial Program.

Dated this 14th day of July, 2026.

*/s/ Michael A. Burnette*
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

*/s/ Chris T. Rasmussen*
CHRIS T. RASMUSSEN, ESQ.
Nevada Bar No. 007149
RASMUSSEN LAW P.C.
520 S. Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Defendant Lake Mead Holdings LLC*

*/s/Matthew L. Durham*
MATTHEW L. DURHAM
Nevada Bar No. 10342
KING SCOW KOCH DURHAM LLC
11500 S. Eastern Ave., Suite 210
Henderson, Nevada 89052

*Attorneys for Defendant 7-Eleven, Inc.*

**ORDER**

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of July, 2026